1

2

3

4

5

6

7

8

9

10

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

11  MARLA ANNE GUZMAN-
    SANCHEZ,                          )   Case No. CV 13-07629 AN
                                      )
12            Plaintiff,              )   MEMORANDUM AND ORDER
                                      )
13        v.                          )
                                      )
14  CAROLYN W. COLVIN, ACTING         )
    COMMISSIONER OF THE SOCIAL        )
15  SECURITY ADMINISTRATION,          )
                                      )
16            Defendant.              )
                                      
17  ─────────────────────────────────

18        Pursuant to the Court's Case Management Order, the parties have filed the

19  Administrative Record ("AR") and a Joint Stipulation ("JS") raising three disputed issues.

20  The parties have consented to proceed before the Magistrate Judge. The Court has

21  carefully reviewed the parties' respective contentions in conjunction with the AR. This

22  matter is now ready for decision.

23                          **Issues #1, #2, and #3**

24        Plaintiff raises the following issues: (1) whether remand is warranted for

25  consideration of new medical evidence that she submitted to the Appeals Council; (2)

26  whether the Administrative Law Judge ("ALJ") improperly discounted the opinion of

27  Plaintiff's treating physician, Jane Lindberg, M.D.; and (3) whether the ALJ erred in the

28  assessment of Plaintiff's credibility. (JS 3-6, 20-25, 30-34, 37.) Plaintiff further contends

that remand is warranted for further administrative proceedings to consider the impact of a subsequent, favorable disability determination on Plaintiff's second application for Social Security Disability Insurance Benefits ("DIB"). (JS 7-8.)

Plaintiff claims that she has been suffering from fibromyalgia and chronic fatigue syndrome since 2004. (AR 165.) Plaintiff reports that she had to stop working in December 2009, after she collapsed at work due to complications from fibromyalgia. (AR 31.) However, in November 2011, Plaintiff was able to start working in a women's clothing store on a part-time basis (4 to 5 hours a day, 3 days a week). (AR 30, 32, 319-20, 362.) Plaintiff asserts that she is limited to lifting 10 pounds, has difficulty concentrating and completing tasks, experiences pain when standing, bending, or kneeling, and feels exhausted after working, but on good days, she may be able to do some housework and walk for 15 to 20 minutes. (AR 30, 32, 176.)

On July 25, 2012, the ALJ issued a decision denying Plaintiff's application for benefits. (AR 13-23.) The ALJ found that Plaintiff suffers from severe impairments, including headaches and chronic pain syndrome/fibromyalgia. (AR 15, 17.) The ALJ assessed Plaintiff with a residual functional capacity ("RFC") for sedentary work, but found that Plaintiff cannot lift/carry more than 10 pounds, sit more than 6 hours in an 8-hour workday, stand and/or walk more than 2 hours in an 8-hour workday, or perform postural movements, climbing activities, or work around heights and/or hazardous conditions more than occasionally. (AR 18.) In making these determinations, the ALJ deemed Plaintiff's testimony not credible. (AR 19-20.) The ALJ also rejected the opinion of Dr. Lindberg, who diagnosed Plaintiff with numerous impairments (i.e., fibromyalgia, irritable bowel syndrome, migraine headaches, insomnia, anemia, lead overload, depression, metrorrhagia, and gluten sensitivity), and assessed Plaintiff with significant work-related limitations (i.e., limitations to standing/walking 30 minutes at a time, for a total of 1 to 2 hours in an 8-hour workday, sitting 2 to 3 hours in an 8-hour workday before needing to rest for 1 to 2 hours, and lifting 10 pounds). (AR 205-07, 209-39, 292-301.) The ALJ conceded that Plaintiff cannot perform her past relevant work as a retail

store manager, but found that there are other jobs that she can perform. (AR 21-23.)

Plaintiff requested review of the ALJ's decision. (AR 189.) On September 10, 2012, while Plaintiff's request for review was pending, Plaintiff's counsel submitted to the Appeals Council an Agreed Medical Evaluation in Rheumatology from Seymour Levine, M.D., dated July 5, 2012. (AR 190-92, 319-68.) Dr. Levine examined Plaintiff on June 11, 2012, approximately six weeks before the ALJ issued the decision denying benefits. (AR 13-23, 319.) Dr. Levine diagnosed Plaintiff with fibromyalgia, noting that Plaintiff had demonstrated 18 out of 18 classical tender points on examination. (AR 352-53.) Dr. Levine found that Plaintiff had constant pain that was slight to moderate. (AR 361.) Dr. Levine determined that Plaintiff was temporarily totally disabled from the time she stopped working in December 2009, to the time she returned to the workforce on a part-time basis in November 2011. (AR 362.) Dr. Levine opined that Plaintiff was capable of working up to 20 hours a week, consisting of 4 hours a day, 5 days a week, or 5 hours a day, 4 days a week. (AR 362.) Dr. Levine further opined that Plaintiff should not be exposed to undue amounts of stress and should not work with her arms at or above shoulder level on a repetitive basis, as such activities could potentially exacerbate or aggravate the tender points of fibromyalgia in the cervical spine and bilateral shoulder girdles. (AR 362.) The Appeals Council considered Dr. Levine's evaluation and made it part of the record, but ultimately denied review. (AR 2-6); *see Brewes v. Comm'r of Soc. Sec. Admin.*, 682 F.3d 1157, 1162 (9th Cir. 2012) (explaining that "the administrative record includes evidence submitted to and considered by the Appeals Council"); *Ramirez v. Shalala*, 8 F.3d 1449, 1451-52 (9th Cir. 1993); *see also* 20 C.F.R. § 404.970(b) (when new and material evidence is submitted to the Appeals Council, the evidence shall be considered if it relates to the period on or before the date of the ALJ's decision).

Plaintiff contends Dr. Levine's evaluation warrants remand because it conflicts with the ALJ's determination of Plaintiff's impairments and limitations, and tends to corroborate Plaintiff's subjective symptom testimony and the opinion of Plaintiff's treating physician, Dr. Lindberg. (JS 5-6.) Because the Appeals Council made Dr.

1  Levine's evaluation a part of the record, this Court must determine "whether, in light of

2  the record as a whole, the ALJ's decision was supported by substantial evidence."

3  *Brewes*, 682 F.3d at 1163 (citing *Ramirez*, 8 F.3d at 1451-52).[1]

4        The Commissioner argues that Dr. Levine's evaluation does not change the fact

5  that substantial evidence supports the ALJ's decision. (JS 8-13.) The Commissioner

6  asserts that the ALJ properly relied on the opinion of the non-examining medical expert

7  who testified at Plaintiff's administrative hearing, Thomas Maxwell, M.D. (JS 10; AR 21,

8  33-35, 118.) Dr. Maxwell opined that Plaintiff suffers from chronic pain syndrome and

9  headaches that limit her to a range of sedentary work. (AR 21, 33-35, 118.) However, Dr.

10  Maxwell based his opinion on his review of the medical records that were available at the

11  time of the hearing, which clearly did not include Dr. Levine's evaluation. (AR 18, 21.)

12  While the Commissioner notes that the consultative examiner, Michael Wallack, M.D.,

13  assessed Plaintiff with no limitations, and the state agency medical consultant, John

14  Pataki, M.D., assessed Plaintiff with the ability to perform medium work, the ALJ did not

15  accept these doctors' findings in assessing Plaintiff's RFC for sedentary work. (JS 10; AR

16  16-18, 20, 281-87, 306-11.) Moreover, neither Dr. Wallack nor Dr. Pataki had the

17  opportunity to review Dr. Levine's evaluation.        After reviewing the entire

18  record, including Dr. Levine's evaluation presented for the first time to the Appeals

19  Council, the Court finds that the Commissioner's decision is not supported by substantial

20  evidence. Dr. Levine's detailed and lengthy rheumatology evaluation is relevant to the

21  time period at issue in this case and was prepared following a two-hour physical

22

23  [1]     Plaintiff contends Dr. Levine's evaluation constitutes new and material evidence,
and there was good cause for not submitting it earlier. (JS 3-6); *see* 42 U.S.C. § 405(g)

24  (sentence six: a court may remand and order the Commissioner to take additional
evidence "upon a showing that there is new evidence which is material and that there is

25  good cause for the failure to incorporate such evidence into the record in a prior
proceeding."). However, the Appeals Council already made Dr. Levine's evaluation a

26  part of the record. (AR 1-5.) Thus, Plaintiff is not required to establish that the evidence
was material in order to trigger this Court's duty to consider it. *Brewes*, 682 F.3d at 1164

27  ("Section 405(g)['s materiality standard] . . . applies only to new evidence that is not part
of the administrative record and is presented in the first instance to the district court.").

28  Likewise, Plaintiff need not show good cause for failing to incorporate the additional
evidence into the record earlier. *Id.*; 42 U.S.C. § 405(g).

Page 4

examination of Plaintiff. (AR 319-68.)  His opinion that Plaintiff is limited to working 20 hours week, and is restricted from work involving undue stress or repetitive tasks with her arms at or above shoulder level, is in conflict with the ALJ's RFC assessment and casts doubt on the ALJ's decision to deny benefits. *See Brewes*, 682 F.3d at 1163; *Ramirez*, 8 F.3d at 1451-52. Therefore, remand is appropriate for consideration of the additional evidence, pursuant to sentence four of 42 U.S.C. § 405(g).

Having reached this conclusion, the Court does not analyze Plaintiff's other allegations of error regarding the ALJ's consideration of Dr. Lindberg's opinion and Plaintiff's testimony, or the Commissioner's arguments in opposition to them. The Court notes, however, that the ALJ based the decision to discount Dr. Lindberg's opinion and Plaintiff's testimony, at least in part, due to a lack of supporting medical evidence.[2] As Dr. Levine's evaluation may provide corroboration for Plaintiff's subjective complaints and Dr. Lindberg's RFC assessment, consideration may be given to these issues on remand.

The Court also declines to address Plaintiff's request that this case be remanded for further administrative proceedings to consider new, material evidence of a subsequent, favorable disability determination.[3] (JS 7-8, Exs. 1-3); *see* 42 U.S.C. § 405(g). Given the

[2]    The ALJ found that Dr. Lindberg's opinion was unsupported by the available medical evidence and Plaintiff's treatment history, and was inconsistent with Plaintiff's daily activities, which included part-time in a retail store. (JS 25-29; AR 16, 19-20, 295-97.) Similarly, the ALJ discounted Plaintiff's testimony because it was unsupported by the available medical evidence and it reflected inconsistencies in Plaintiff's reports about her part-time work, daily activities, and the reason for originally stopping work in 2010. (AR 19-20, 295-97.)

[3]    Plaintiff filed a second application for DIB on October 4, 2013. (JS, Ex. 1.) Plaintiff alleged that she had been unable to work since July 26, 2012, the day after the ALJ issued the decision denying Plaintiff's first application for benefits. (JS, Ex. 1; AR 13-23.)  In support of her second application for DIB, Plaintiff submitted Dr. Levine's evaluation dated July 5, 2012. (JS, Ex. 2.) On January 14, 2014, the Social Security Administration granted benefits on Plaintiff's second application, finding that Plaintiff became disabled on July 26, 2012. (JS, Ex. 3.) Plaintiff asserts that the Administration's finding that Plaintiff was disabled just one day after the ALJ denied benefits on Plaintiff's first application creates an unresolved conflict as to whether Plaintiff was disabled during

(continued...)

1  Court's conclusion that the case must be remanded for consideration of Dr. Levine's
2  evaluation, the issue of whether remand is appropriate for consideration of new evidence
3  pursuant to sentence six of 42 U.S.C. § 405(g) is essentially moot.[4/]

4  Accordingly, Plaintiff is entitled to remand on Issue #1, for consideration of the
5  additional evidence that was submitted to the Appeals Council.

6
7                                        **ORDER**

8  The decision whether to remand for further proceedings or order an immediate
9  award of benefits is within the district court's discretion. *Harman v. Apfel*, 211 F.3d
10 1172, 1175-78 (9th Cir. 2000). When no useful purpose would be served by further
11 administrative proceedings, or where the record has been fully developed, it is
12 appropriate to exercise this discretion to direct an immediate award of benefits. *Id.* at
13 1179 ("the decision of whether to remand for further proceedings turns upon the likely
14 utility of such proceedings"). But when there are outstanding issues that must be resolved
15 before a determination of disability can be made, and it is not clear from the record the
16 ALJ would be required to find the claimant disabled if all the evidence were properly
17 evaluated, remand is appropriate. *Id.*

18 The Court finds a remand is appropriate because there are unresolved issues that,
19 when properly resolved, may ultimately still lead to a not disabled finding. *See INS v.*
20 *Ventura*, 537 U.S. 12, 16, 123 S. Ct. 353 (2002) (upon reversal of administrative
21 determination, "the proper course, except in rare circumstances, is to remand to the

22
   _____

23   [3/] (...continued)
24 the first application period, and that remand is necessary to resolve that conflict. (JS 7-8);
   *see Luna v. Astrue*, 623 F.3d 1032, 1035 (9th Cir. 2010) (when there is a "'reasonable
25 possibility' that the subsequent grant of benefits was based on new evidence not
   considered by the ALJ as part of the first application . . . further consideration of the
26 factual issues is appropriate to determine whether the outcome of the first application
   should be different") (citation omitted); 42 U.S.C. § 405(g) (sentence six). The
27 Commissioner argues that a sentence six remand is not warranted in this case. (JS 13-18.)

   [4/]       On remand, Plaintiff may present evidence regarding the award of benefits on her
28 second application for DIB.

agency for additional investigation or explanation") (internal quotation marks and citation omitted). Accordingly, the present case is remanded for further proceedings consistent with this Memorandum and Order.

IT IS THEREFORE ORDERED that a judgment be entered reversing the Commissioner's final decision and remanding the case so the ALJ may make further findings consistent with this Memorandum and Order.

DATED:      September 2, 2014      _____
                                   ARTHUR NAKAZATO
                                   UNITED STATES MAGISTRATE JUDGE

Page 7